UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
SANDRA LASSIC,

        Plaintiff,

     13 CV 2547 (RPP)

   -against-

     **OPINION & ORDER**

HUDSON RIVER HEALTH CARE, INC., &
CHRISTINE A. KERR, M.D.,

        Defendants.
---------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

  On April 30, 2013, the United States Attorney for the Southern District of New York filed a motion requesting that this Court (1) substitute the United States in place of named defendants Hudson River Health Care, Inc. ("Hudson River") and Hudson River physician Christine Kerr (together, "Defendants") and (2) upon substitution, dismiss this action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. (Mot. to Substitute the United States & to Dismiss the Complaint ("Substitute Mot."), ECF No. 4.) For the reasons that follow, the Government's motion is granted.

**I. Factual Background**

  On May 5, 2012, Sandra Lassic ("Plaintiff") commenced a medical malpractice action in state court against Defendants. (See Notice of Removal (the "Removal Notice") Ex. A ("V. Compl."), ECF No. 1.) The complaint alleged that, in February 2010, Defendants acted negligently by failing to treat Plaintiff's health condition in a proper and timely manner and by failing to inform Plaintiff of the risks and alternatives associated with the medical treatment that they had provided to her. (V. Compl. ¶¶ 12, 18.) As a result of Defendants' negligence, the

1

complaint alleged that Plaintiff sustained severe, permanent, and disabling injuries.  (Id. ¶¶ 14, 29.)

On April 17, 2013, the Government removed Plaintiff's action to this Court, and on April 30, 2013, the Government filed its now pending motion to substitute and to dismiss.  In its motion, the Government argues that, pursuant to the Public Health Services Act ("PHSA"), 42 U.S.C. § 233, and the Federal Torts Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq., the United States should be substituted as the defendant in this action and that, upon substitution, the complaint should be dismissed for lack of subject matter jurisdiction.  (See Mem. in Supp. of Mot. to Substitute and Dismiss ("Substitute Mem.") at 4-6, ECF No. 5.)

**II.     Discussion**

    a.   The Public Health Services Act

The Government is correct that substitution is appropriate in this case.  Pursuant to § 224(g) of the PHSA, 42 U.S.C. § 233(g), the Secretary of Health and Human Services ("HHS") deemed Hudson River and its employees federally covered entities of the Public Health Service effective January 1, 2009.  (See Decl. of Meredith Torres ("Torres Decl.") ¶¶ 5-6, ECF No. 6; see also id. Ex. 1 ("Deeming Letter" dated Nov. 13, 2008) at 1.)  As covered entities of the Public Health Service, Defendants are shielded from having to defend against a medical malpractice action, such as Plaintiff's, because the PHSA substitutes the United States as a defendant in any such actions.  See § 233(g)-(j), (h); see also Celestine v. Mount Vernon Neighborhood Health Ctr., 403 F.3d 76, 80 (2d Cir. 2005) (explaining that the PHSA "allow[s] recovery by people injured by federal employees or by agents of the Federal Government, and, at the same time . . . immunize[s] such employees and agents from liability for negligent or wrongful acts done in the scope of their employment.")

2

As a prerequisite to substitution, however, the Attorney General of the United States, or one of his designees, must certify that any defendants covered by the PHSA were acting within the scope of employment at all times relevant to the complaint filed against them. See 42 U.S.C. § 233(c) ("Upon a certification by the Attorney General that the defendant was acting in the scope of his employment . . . the proceeding [shall be] deemed a tort action brought against the United States."); 28 C.F.R. § 15.4(a) (conveying authority to United States Attorneys to make statutory certifications). Here, on March 28, 2013, the United States Attorney for the Southern District of New York certified that Defendants were acting within the scope of employment at all times relevant to the claims raised in Plaintiff's complaint. (See Removal Notice Ex. B ("Bharara Certification").)

Accordingly, because Defendants were deemed to be covered entities of the Public Health Service and because they were also certified as having acted within the scope of employment at all times relevant to this action, the United States is substituted as the defendant in this case.

    b. The Federal Tort Claims Act

The PHSA states that, once the United States is substituted as a defendant in a medical malpractice action, the FTCA provides the "exclusive" remedy. See 42 U.S.C. § 233(a); see also Celestine, 403 F.3d at 80-82 (stating that if a defendant has been deemed and certified as a federal employee acting within the scope of employment, "the United States can replace the named defendant as the allegedly liable party and the case proceeds as a FTCA suit"); Cuoco v. Moritsugu, 222 F.3d 99, 107 (2d Cir. 2000) (recognizing that, where a defendant in a personal injury action is covered by the PHSA and the United States is substituted as the defendant, the FTCA must provide the exclusive remedy).

Thus, because the United States has been substituted as the defendant in this action, Plaintiff's case must now be construed as a claim under the FTCA and it is therefore "subject to the limitations and exceptions applicable to [FTCA] actions." 28 U.S.C. § 2679(d)(4). One such applicable limitation involves the FTCA's exhaustion requirement.[1] See § 2675(a). Under the FTCA, an action cannot be filed in federal court unless a claimant has first filed her claim with the appropriate federal agency, which in this case is HHS, and that agency then "finally denie[s]" her claim. See id. If a claimant fails to exhaust her FTCA administrative remedies, a court will not have jurisdiction to hear the case and the matter must be dismissed under Rule 12(b)(1). This administrative exhaustion requirement is "jurisdictional and cannot be waived." Celestine, 403 F.3d at 82.

Here, to establish that jurisdictional requirements have been met, Plaintiff must show that, prior to the initiation of the instant action, she exhausted her administrative remedies by filing a claim with HHS. See 28 U.S.C. § 2675(a); see also Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000) (acknowledging that in a FTCA claim, "a plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists");

---

[1] Although Plaintiff argues that the FTCA's exhaustion requirement should not apply because, even after performing a "diligent search," she did not discover that Defendants were federally covered entities of the Public Health Service, (Lassic Mem. in Opp'n to Removal & Dismissal at 2, ECF No. 9), the Second Circuit has ruled that "all suits against the United States, including those originating in state court against defendants yet to be formally replaced by the United States, must be subject to the administrative-exhaustion requirements specified in [the FTCA at] 28 U.S.C. § 2675." Celestine, 403 F.3d at 83 (emphasis in original). The Second Circuit has, however, also recognized that, following the dismissal of an action against a defendant that was not readily identifiable as a covered federal entity, a plaintiff may attempt to exhaust her administrative remedies by filing a claim with the appropriate federal agency. See id. at 84 (citing the Federal Employees Liability Reform and Tort Compensation Act ("the Westfall Act"), Pub. L. No. 100-694, 102 Stat. 4563 (1988)). Under the FTCA, "such a claim shall be deemed to be timely presented . . . if (A) the claim would have been timely had it been filed on the date the underlying civil action was commenced, and (B) the claim is presented to the appropriate Federal agency within sixty days after dismissal of the civil action." 28 U.S.C. § 2679(d)(5). Plaintiff may decide to take advantage of this provision by filing a claim with HHS within sixty days of the date of this opinion.

see also Celestine v. Mount Vernon Neighborhood Health Ctr., 289 F. Supp. 2d 392, 399 (S.D.N.Y. 2003) (same). Plaintiff has not met this burden. Indeed, she has failed to provide this Court with any evidence of an administrative claim that she filed with HHS related to Defendants. Moreover, the Government has submitted a declaration from the Office of the General Counsel of HHS stating that, after a full record search, no record of such an administrative tort claim by Plaintiff exists. (Torres Decl. at 1.) Accordingly, since Plaintiff has not met her burden of proving that she fulfilled the administrative exhaustion requirement of the FTCA, this Court lacks jurisdiction to hear the matter and the case must be dismissed pursuant to Rule 12(b)(1).

### III.   Conclusion

The Court grants the Government's motion to substitute the United States as defendant in this action and dismisses the case under Rule 12(b)(1) for lack of subject matter jurisdiction.

SO ORDERED.

Dated: July 29, 2013
New York, New York

Robert P. Patterson, Jr.
U.S.D.J.

5

COPIES SENT VIA EMAIL TO:

*Counsel for Plaintiff:*

**Nkereuwem Inyang Umoh**
Law Office of Nkereuwem Umoh, Esq
25 Bond Street
2nd Floor
Brooklyn, NY 11201
(718) 360-0527
Fax: (800) 516-5929
Email: numoh@umohlaw.com

*Counsel for Defendant:*

**Alicia Marie Simmons**
U.S. Attorney Office SDNY
86 Chambers Street
New York, NY 10007
(212)-637-2697
Fax: (212)-637-2686
Email: alicia.simmons@usdoj.gov